147 So. 626

**JEFFERSON COUNTY, for Use and Benefit of HAWKINS, v. DOWNS et al.**

**6 Div. 305.**

Supreme Court of Alabama.
April 13, 1933.

Mullins, Pointer & Deramus and Jelks H. Cabaniss, all of Birmingham, for appellant.

428

Thos. E. Skinner and Horace C. Wilkinson, both of Birmingham, for appellees.

BOULDIN, Justice.

The suit is against an outgoing sheriff, and the surety on his bond, to recover a certain fund which it is alleged the defendant should have turned over to his successor in office.

The action is in the name of Jefferson county, suing for the use and benefit of James F. Hawkins, as sheriff, etc.

The case was tried on count 6 of the complaint, which appears in the report of the case.

The facts are without substantial dispute.

By an act of the Legislature (Gen. Acts 1927, page 193), the board of revenue of Jefferson county was required to draw a warrant on the county treasurer in favor of the sheriff in the sum of $1,000, and the treasurer required to pay same "to the Sheriff to establish a fund to be used by the Sheriff in defraying the expenses of sending for, returning and transporting prisoners and fugitives from justice." Section 1. Section 2 declared the sheriff liable on his official bond for unlawful use of the fund; and section 3 provided the fund should be replenished from time to time with sums received by the sheriff from the state to reimburse him for such expenditures.

Such warrant was duly drawn in favor of Sheriff Hartsfield, who deposited the same in Southside Bank to his credit as sheriff. The fund thus remained intact until the death of Sheriff Hartsfield in October, 1928, and until the appointment of defendant W. O. Downs as his successor.

Sheriff Downs, at the instance of the bank, executed an identification card usual in opening a checking account, and the amount of the fund credited to his account as sheriff, and debited against the official account of Sheriff Hartsfield, then deceased. Thereafter, Sheriff Downs drew one check for $450 for the purposes named, and later replenished the fund by depositing a like sum received from the state. He drew a second check of $250 for a like purpose which was also cashed. No funds coming in to replenish same, the fund stood at $750 in his name as sheriff until his term of office expired. He delivered the office, books, etc., to his successor, Sheriff Hawkins; but failed, by oversight we assume, to turn over this fund. A few days later the bank failed. Sheriff Hawkins, knowing nothing of such deposit up to that time, thereafter demanded payment from Ex-sheriff Downs. Payment being declined, the present suit followed.

Without question this was a public fund committed to the custody of the sheriff for

safe-keeping and for ready use as occasion required for governmental purposes; and subject to replacement from funds derived from the state, which had been theretofore applied to reimbursement of the sheriff for individual outlays in such cases.

Coming from the county treasury, we think the act, though quite general, contemplates that liability on the bond runs in favor of the county for the use of the sheriff in his official capacity, and the suit was properly so brought. If this act were repealed, without more, it seems this fund would revert to the county.

Without debate the deposit of such fund in a bank, not a lawful depository, is, under the laws of Alabama, a conversion or breach of trust, although deposited to the official account of the custodian, and he becomes liable on his official bond for any loss resulting therefrom.

Appellees' view, as we understand it, is that there was no conversion of this fund by Sheriff Downs because he never received it; that the money was converted by his predecessor in office; that the transfer from one account to the other in the bank was a mere attempted transfer of credit; that in the absence of consent of the county or the personal representative of the former sheriff, such transfer was ineffective, and the money cannot be treated as ever having come under the control of Sheriff Downs.

Another view, which seems to have been expressed in the oral charge of the trial court, is that if the money in the bank passed to the successor in office and was subject to check of Sheriff Hawkins, Sheriff Downs and his surety are relieved.

We do not approve either line of reasoning. Under the facts the solution was one of law for the court, not to be submitted to the jury under instructions difficult to apply.

Doubtless Sheriff Downs, when advised that his predecessor had deposited the fund in the bank with the legal consequences of such action, might have declined to look to the bank, and demanded that the personal representative of the deceased sheriff, or his surety, produce the fund and pay it over to him.

But when he, co-operating with the bank, caused the deposit to be passed to his account as sheriff and the fund to become at once subject to his check, fully confirmed by actual drawing on the fund in regular course, as well as redepositing to such account, the matter stood just as if Sheriff Downs had actually drawn the cash and passed it back over the counter for deposit to his account as sheriff. Wolffe v. State, 79 Ala. 201, 58 Am. Rep. 590; National Surety Co. v. State, 219 Ala. 609, 123 So. 202.

The county authorities had no duty to perform in passing this fund from a sheriff to his successor. The personal representative of Sheriff Hartsfield, deceased, had no power or duty other than to draw the money for payment over to Sheriff Downs on demand. This obligation was relieved by the act of Sheriff Downs in taking over the dominion and control of the fund in the bank. Under the undisputed evidence the loss of this money was the result of the action of Sheriff Downs in failing to draw out the money, and keeping it in the bank in violation of the law; a technical violation we may admit, but one long declared by law to render him and his surety liable for the loss.

The affirmative charge was due the plaintiff.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.